UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICKY DONELL HOLIFIELD,  CIVIL NO. 17-4091 (DSD/DTS)

    Petitioner,

v.  REPORT AND RECOMMENDATION

TOM ROY,
Commissioner

    Respondent.

---

Ricky Donell Holifield, OID 198306, MCF – Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se* Petitioner.

J. Michael Richardson, Assistant County Attorney, Hennepin County Attorney's Office, 300 South 6th Street, Suite C-2000, Minneapolis, MN 55487, for Respondent.

---

## INTRODUCTION

Ricky Donell Holifield, a state prisoner, filed a federal habeas petition alleging ineffective assistance of trial counsel based on failure to investigate and conflict of interest. The Court concludes that the state court's denial of Holifield's ineffective assistance claims was not contrary to or an unreasonable application of U.S. Supreme Court precedent, and therefore Holifield is not entitled to habeas relief under 28 U.S.C. § 2254(d).

## BACKGROUND

In August 2012, Officer Jeffrey Werner conducted a narcotics investigation of Holifield. *See State v. Holifield*, No. A15-0899, 2016 WL 7439083, at *1 (Minn. Ct. App.

1

Dec. 27, 2016), Docket No. 1-2 at 7.  He obtained a search warrant and set up surveillance of an apartment in Minneapolis in order to take Holifield into custody and execute the warrant.  *Id.*  Officer Warner acted as the case agent during the surveillance, with officers from both the Third and Fourth Precincts reporting to him.  *Id.*  Shortly after midnight on August 31, 2012, Sergeant Jeffrey Jindra saw Holifield drive into the parking lot and saw a man approach Holifield's vehicle and hand money to him in exchange for a small item.  *Id.*  Sergeant Jindra notified Officer Warner of his observation, and other squad cars pulled up, including a marked squad car with emergency lights and a spotlight that lit up the interior of Holifield's car.  *Id.*

Sergeant Jindra saw Holifield throw something across his body towards the passenger seat floor.  *Id.*  He stated his observation on the shared radio channel and, after Holifield was taken into custody, a search of the vehicle revealed a bag containing several baggies of suspected cocaine.  *Id.*  At trial, Officer Werner testified that, after the cocaine was recovered from Holifield's vehicle at the scene, he took possession of it from Officer Carl White, put it in an evidence bag, and labeled it.  *Id.* at *2, Docket No. 1-2 at 8.  Other testimony at trial stated that this evidence bag was transported to the Third Precinct headquarters and put in an evidence locker by Officer White.  *Id.*  The substance was later tested by the Minnesota Bureau of Criminal Apprehension and was confirmed to be cocaine.  *Id.*

Police took Holifield to the Fourth Precinct and then to the Third Precinct, where Holifield alleges that officers tried to convince him to become an informant.  Hennepin County District Ct. Order & Mem. 2, Docket No. 1-2 at 2; Holifield Br. 3, Docket No. 2.  Holifield refused and was taken to Hennepin County jail to be booked.  *Id.*

Holifield's vehicle was driven to the Third Precinct and then was towed to the impound lot. *See* attachments to Petition, Docket No. 1-1 at 3 (impound lot report), 6 (impound lot towing and storage receipt), and 4 (Mpls. Police Dept. Vehicle Impound Report).

On January 22, 2015 a jury in Hennepin County District Court found Holifield guilty of one count of second degree sale of drugs and one count of third degree possession of drugs. Petition ¶¶ 2(a), 5, 6(c), Docket No. 1. Holifield had waived his right to testify at trial. *Id.* ¶ 7; Jan. 22, 2015 Tr. 343, 432-35, Docket No. 16 at 184-88. The day before Holifield waived his right to testify, the judge had ruled that the Government could not introduce evidence of Holifield's March 16, 2012 drug conviction because the prior offense was so similar to the August 31, 2012 offense for which he was being tried; however, the judge cautioned Holifield that if he testified, statements he might make during his testimony could open the door to admitting that evidence. Jan. 21, 2015 Tr. 336-37, Docket No. 16 at 182-83. In his habeas petition, Holifield does not claim that he did not make a knowing and voluntary waiver of his right to testify. *See* Petition, Docket No. 1; *see also* Holifield Postconviction Reply Mem. 1 (refuting Government's characterization of his argument as claiming that his "lawyer prevented him from testifying"), Docket No. 16 at 105.

The district court judge sentenced Holifield to 108 months in prison, but stayed execution of the sentence pending Holifield's appeal of his conviction. Petition ¶¶ 2(b), 3, Docket No. 1; May 27, 2015 Sentencing Tr., Docket No. 16 at 161, 173, 176.

Holifield filed a notice of appeal to the Minnesota Court of Appeals, then moved to stay his appeal in order to pursue postconviction relief in the state district court. *See*

3

Order, *State v. Holifield*, No. A15-0899 (Minn. Ct. App. June 14, 2016), *available at* www.mncourts.gov/Access-Case-Records.aspx.  The appellate court granted his motion to stay on December 10, 2015.  *Id.*  On January 8, 2016 Holifield filed a petition for postconviction relief in Hennepin County District Court.  Petition ¶ 11, Docket No. 1. Holifield argued that he received ineffective assistance of trial counsel due to counsel's actual conflict of interest when representing him.  Postconviction Pet. ¶¶ 16-17, Docket No. 16 at 132.  Specifically, Holifield alleged that when trial counsel advised him not to testify at trial, counsel was acting in counsel's own interest, not Holifield's, because his testimony would have revealed counsel's failure to investigate Holifield's claim that police had planted the drugs in retaliation for his refusal to become an informant.  *Id.* ¶¶ 6-17, Docket No. 16 at 128-32.  Holifield contended that counsel's personal interest in avoiding a postconviction ineffective-assistance-of-counsel claim or a professional responsibility complaint created an actual conflict of interest in his representation of Holifield.  *Id.* ¶¶ 16-17, Postconviction Mem. 2-3, Docket No. 16 at 132, 135-36.

On April 25, 2016 the state district court denied Holifield's petition without a hearing, concluding that he was unable to establish that his trial counsel was ineffective for lack of investigation or had an actual conflict of interest, and that Holifield was not entitled to an evidentiary hearing under Minn. Stat. § 590.04, subd. 1.  Order & Mem., Docket No. 1-2 at 1-6.  The Minnesota Court of Appeals then reinstated Holifield's direct appeal of his conviction.  Order ¶ 1, *State v. Holifield*, No. A15-0899 (Minn. Ct. App. June 14, 2016), *available at* www.mncourts.gov/Access-Case-Records.aspx.  Holifield appealed the denial of postconviction relief on his ineffective assistance claim, and also appealed his conviction on the ground that the court had erred in denying his chain-of-

4

custody objection and admitting the drug evidence at trial. See Docket No. 16 at 38-96 (appellate brief).

The Minnesota Court of Appeals affirmed Holifield's conviction and the denial of postconviction relief. *State v. Holifield*, No. A15-0899, 2016 WL 7439083 (Minn. Ct. App. Dec. 27, 2016), Docket No. 1-2 at 7-11. The court rejected Holifield's claim that he received ineffective assistance of counsel. *Id.* at *4. It concluded that counsel did not have a conflict of interest, that the defense he presented at trial and his failure to investigate Holifield's claim that police planted the drugs was a valid trial strategy, and that the district court did not err in denying Holifield's postconviction petition without an evidentiary hearing. *Id.* The appellate court also concluded that the district court did not abuse its discretion in overruling Holifield's chain-of-custody objection and admitting the drug evidence at trial. *Id.* at *5. The Minnesota Supreme Court denied Holifield's petition for review of these two grounds. Order, *State v. Holifield*, No. A15-0899 (Minn. Feb. 22, 2017), Docket No. 1-2 at 12; Petition for Review (Jan. 13, 2017), *available at* www.mncourts.gov/Access-Case-Records.aspx.

Holifield filed this *pro se* habeas petition asserting that the state court erred in denying his claim of ineffective assistance of trial counsel. Petition ¶ 12, Docket No. 1. He does not challenge the state court's denial of relief regarding the trial court's chain-of-custody evidentiary ruling.

**ANALYSIS**

1. **Exhaustion of Remedies**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the

5

opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

The parties agree, and the record establishes, that Holifield has exhausted his ineffective assistance of counsel claim. *See* Habeas Petition ¶ 13(a), Docket No. 1; Jan. 13, 2017 Petition for Review 2-9, *available at* www.mncourts.gov/Access-Case-Records.aspx; *State v. Holifield*, No. A15-0899 (Minn. Feb. 22, 2017), Docket No. 1-2 at 12 (order denying review); Gov't Br. 2, Docket No. 15. Thus, the Court reviews it under the standards in 28 U.S. C. § 2254(d) set forth below.

**2.      Standard of Review**

A federal court's review of habeas corpus petitions filed by state prisoners is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254(a) provides that a federal court shall entertain a habeas corpus petition of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner's application for a writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Holifield's habeas petition does not state whether he is proceeding under paragraph (1) or (2) of § 2254(d).  However, it appears from the issues presented that he is not challenging factual determinations under paragraph (2) and therefore this Court understands him to be asserting that the state court's denial of his ineffective assistance claim is "contrary to, or involved an unreasonable application of, clearly established Federal law" as set forth in paragraph (1).

The standard in § 2254(d) is "difficult to meet."  *White v. Woodall,* 134 S.Ct. 1697, 1702 (2014).  The Supreme Court has stated that "'[c]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings as opposed to the dicta, of this Court's decisions."  *Id.* (quotations and citations omitted).  A lower court may not consult its own precedents rather than those of the Supreme Court in assessing a habeas claim governed by § 2254.  *Id.* n.2.

A decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."  *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). An "unreasonable application" of the Supreme Court's holdings "must be objectively unreasonable, not merely wrong; even clear error will not suffice."  *White*, 134 S.Ct. at

7

1702 (quotations and citations omitted). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

### 3. Ineffective Assistance of Trial Counsel

Holifield raises two claims of ineffective assistance of trial counsel, both of which relate to counsel's alleged failure to investigate.[1] First, he claims that counsel unreasonably failed to investigate his version of events that no drug transaction took place on August 31, 2012 but rather the police planted the drugs later in retaliation for his refusal at the Third Precinct to become a police informant. Holifield asserts that counsel's failure to investigate this theory was not a valid choice of trial strategy.

Second, Holifield claims that this failure to investigate created a conflict of interest at trial when counsel advised him not to testify, because counsel was motivated by his own professional interest in concealing his prior failure to investigate. Specifically, Holifield argues that counsel, at the time of trial, knowing that he had failed to investigate the planted drugs/retaliation theory and had instead pursued a different defense, was operating under an actual conflict of interest in advising Holifield not

---

[1] Although paragraph 12 of Holifield's habeas petition lists three grounds for relief, they recite aspects of the same ineffective assistance of counsel claims that he raised and exhausted in state court. Ground One states, in part, "Holifield's Post-conviction petition asserted his attorney had told him he would investigate his claim, that after he refused to work for the police they falsely accused him of having drugs, but the attorney did not investigate." Ground Two states, "Post-conviction court abused its discretion when it denied Holifield an evidentiary hearing so he could show that his trial attorney acted in an actual conflict of interest." Ground Three states, "Denied Effective Assistance of Counsel."

8

testify – the conflict being that counsel knew that if Holifield took the witness stand he would testify about the planted drugs that counsel had failed to investigate, which would expose counsel to a potential postconviction claim for ineffective assistance of counsel and/or an ethics complaint to the lawyers' professional responsibility board.

To establish ineffective assistance of counsel, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 446 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Sixth Amendment right to effective assistance of counsel includes representation by counsel who is "free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). To establish a violation of this right, "a defendant who raised no objection at trial must demonstrate than an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). The "possibility" of a conflict is "insufficient." *Id.* at 350.

The Minnesota Court of Appeals rejected Holifield's claim of ineffective assistance based on failure to investigate, concluding that counsel's decision to pursue other defenses at trial was a valid strategic choice. *See Holifield*, 2016 WL 7439083, at *4, Docket No. 1-2 at 9-10. The court stated:

> [T]he record reflects that trial counsel decided to attack the credibility of the reporting and testifying officers, emphasizing their lack of memory of the incident, their allegedly sloppy handling of the evidence, their failure to document or forensically confirm the connection of the seized cocaine to [Holifield], and their failure to investigate the third party who engaged in the alleged narcotics transaction. This strategy avoided the need for

9

> [Holifield] to testify, which was significant considering [his] prior conviction of fifth-degree controlled substance crime.

*Id.*, Docket No. 1-2 at 10.

The court distinguished *State v. Nicks*, 831 N.W.2d 493 (Minn. 2013) – a case cited by Holifield – because counsel in *Nicks* pursued a trial strategy in which cellphone records were a pivotal issue, but counsel botched several attempts to obtain those records for evidence at trial. *See Nicks,* 831 N.W. 2d at 506-07. The *Nicks* court thus concluded that the defendant had made sufficient allegations that his counsel's performance fell below *Strickland*'s objective standard of reasonableness to warrant an evidentiary hearing under Minn. Stat. § 590.04, subd. 1. In contrast, the state appellate court in this case found that Holifield had not presented any facts to show that his counsel had chosen to pursue a planted-drugs/retaliation theory but had botched it by failing to follow up and gather the evidence necessary to support such a defense at trial. Rather, as quoted above, Holifield's counsel chose to attack the testifying officers' memories and credibility, the chain of custody of the drugs, and the officers' failure to investigate the alleged buyer of the drugs. *See Holifield*, 2016 WL 7439083, at *4, Docket No. 1-2 at 9-10.

The U.S. Supreme Court has stated that counsel's decision to limit the scope of investigation must be "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) (citing *Strickland*, 466 U.S. at 690-91). This Court concludes that the Minnesota Court of Appeals made such an assessment in deciding to reject Holifield's ineffective assistance claim based on failure to investigate, and the state court's

10

decision was not "contrary to" or an "unreasonable application of" Supreme Court precedent so as to entitle him to habeas relief. See 28 U.S.C. § 2254(d).

It is true that the appellate court described counsel's conduct as "unreviewable trial strategy," Holifield, 2016 WL 7439083, at *4, and, standing alone, this phrase does not accurately reflect the federal standard that governs claims of ineffective assistance of counsel for failure to investigate. U.S. Supreme Court precedent is clear that investigative choices and strategic decisions are not "unreviewable":

> In assessing the reasonableness of an attorney's investigation, however, a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further. Even assuming [counsel] limited the scope of their investigation for strategic reasons, Strickland does not establish that a cursory investigation automatically justifies a tactical decision with respect to . . . strategy. Rather, a reviewing court must consider the reasonableness of the investigation said to support that strategy.

Wiggins, 539 U.S. at 527.

> [S]trategic choices made after less than complete investigation are reasonable only to the extent that reasonable professional judgments support the limitations on investigation. A decision not to investigate thus must be directly assessed for reasonableness in all the circumstances.

Id. at 533 (citing Strickland, 466 U.S. at 690-91) (internal citation and quotation marks omitted). Trial strategy is a factor in assessing counsel's performance, see Nicks, 831 N.W.2d at 507, not a conclusion that precludes review altogether.

Implicit in the Minnesota Court of Appeals' analysis is its conclusion that counsel's choices were "reasonable" strategic decisions under the circumstances, which satisfies the standard set forth in Strickland and Wiggins. It did not simply label counsel's actions or choices as "trial strategy" and then decline to review the facts of Holifield's claim or counsel's performance at trial. Rather, the court evaluated counsel's

11

performance in the particular facts of this case, as quoted above. The court discussed and distinguished the facts in *Nicks*, in which the Minnesota Supreme Court cited U.S. Supreme Court precedent in *Strickland* and *Wiggins*. Consistent with that precedent, *Nicks* rejected a "formalistic approach" that "turns trial strategy into an impregnable barrier to ineffective assistances claims." *Nicks*, 831 N.W.2d at 507 ("the fact that the alleged failings of . . . trial counsel can be portrayed as a choice does not by itself compel us to conclude that counsel's conduct was trial strategy").

Although Holifield alleges that his counsel's investigation was unreasonable, he does not present evidence to support his allegation. He states that counsel did not investigate to identify the Fourth Precinct police officers who allegedly initially searched and found no drugs in his vehicle at the scene of his arrest, and that "drugs only came into the picture after [he] refused to work for the police (become an informant)" at the Third Precinct. Petition ¶ 12, Docket No. 1; Holifield Br. 8-10, Docket No. 2. However, there is nothing in the record to support Holifield's allegation that no drugs were found in his vehicle, nor does he provide details or explain the basis for his claim that Fourth Precinct officers searched his vehicle at the scene and found no drugs before the vehicle was driven to the Third Precinct. Police reports and testimony at trial stated that officers (1) observed Holifield throw something at the passenger seat floor, (2) searched there and found a bag filled with smaller baggies of drugs, and (3) put it in an evidence bag and transported it to the Third Precinct. *See Holifield*, 2016 WL 7439083, at *1-2, 5, Docket No. 1-2 at 7-8, 11; Holifield Appendix Ex. C, Docket No. 1-1 at 18-22 (police reports). At trial, counsel cross-examined witnesses to challenge the chain of custody of the drugs. *See Holifield*, 2016 WL 7439083, at *4-5, Docket No. 1-2 at 10-11.

12

Holifield also states that counsel was given the name of the alleged drug buyer, was told what his testimony would be and that he would be available to testify, but counsel responded that he did not need him and was not going to use him. Holifield Br. 8, Docket No. 2. However, Holifield has not provided the Court with any statement from this person or with details of what his testimony would have been. Moreover, Holifield admits that counsel knew about the witness and made a decision not to use him at trial. *Id.* The Minnesota Court of Appeals noted that counsel cross-examined the Government's witnesses about "their failure to investigate the third party who engaged in the alleged narcotics transaction." *Holifield*, 2016 WL 7439083, at *4, Docket No. 1-2 at 10.

Holifield has not presented facts to show that counsel's investigative choices and strategic trial decisions were unreasonable "in all the circumstances," *Wiggins*, 539 U.S. at 533, and that therefore counsel's performance fell below *Strickland's* objective standard of reasonableness. The Court finds that the state appellate court's denial of Holifield's ineffective assistance claim based on counsel's alleged failure to investigate was not "contrary to" or an "unreasonable application" of U.S. Supreme Court precedent, and Holifield is not entitled to habeas relief on this basis.

Holifield also argues that counsel's failure to investigate created an actual conflict of interest when counsel advised him not to testify at trial, because counsel was pursuing his personal interest in concealing his failure to investigate. The Minnesota Court of Appeals concluded that no conflict existed under Minnesota Rule of Professional Responsibility 1.7(a)(2) and applicable Minnesota and U.S. Supreme Court precedent. *See Holifield*, 2016 WL 7439083, at *3-4, Docket No. 1-2 at 9-10.

There is no U.S. Supreme Court precedent directly on point with Holifield's argument that his trial counsel's concern for his own professional reputation presented a conflict of interest in representing Holifield and, specifically, in advising him not to testify. The governing case law involves situations in which counsel had divided loyalties or conflicting interests regarding representation of persons other than the defendant. For example, counsel in *Cuyler* represented multiple defendants. 446 U.S. at 337. *Mickens v. Taylor*, 355 U.S. 162, 164-65 (2002), involved a capital murder defendant whose counsel was representing the murder victim at the time of the murder. The Eighth Circuit case of *Caban v. United States*, 281 F.3d 778, 779-80 (8th Cir. 2002), involved trial counsel who also represented the defendant's former counsel, a man who not only was a potential witness in the defendant's criminal trial but also had a personal relationship with the defendant's trial counsel: the two men shared an office, and trial counsel was a godparent to the man's daughter.

The Minnesota Court of Appeals concluded that Holifield was unable to demonstrate a conflict of interest. *Holifield*, 2016 WL 7439083, at *3, Docket No. 1-2 at 9. The court stated:

> [A]s the [Minnesota] supreme court recognized in *State v. Moore*, "The danger that a lawyer's interest in protecting that lawyer's professional reputation may create a conflict of interest is inherent in all attorney-client relationships. Absent evidence to the contrary, however, we must presume that a lawyer resolved those conflicts in favor of the client." 481 N.W. 2d 355, 363 (Minn. 1992).

The state appellate court found that Holifield did not present evidence of conflicting interests here. It rejected his claim that counsel's failure to investigate his planted drugs/retaliation version of events was proof of an actual conflict or at least was sufficient to warrant an evidentiary hearing under Minn. Stat. § 590.04, subd. 1. *Id.* at

14

*3-4. Instead, having determined that counsel made valid trial strategy decisions, the court concluded that Holifield was unable to establish an actual conflict of interest for purposes of establishing ineffective assistance of counsel. *Id.* at *4 (citing *Cuyler*, 446 U.S. at 350 ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.")), Docket No. 1-2 at 10.

The Court finds that the Minnesota Court of Appeals' decision denying Holifield's ineffective assistance claim and finding that he was not entitled to an evidentiary hearing under Minn. State. § 590.04, subd. 1, is not contrary to or an unreasonable application of *Strickland*, *Wiggins* or *Cuyler*. Thus, Holifield has not satisfied the requirements for habeas relief under § 2254(d).

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Ricky Donell Holifield's Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED.

2. This action be DISMISSED WITH PREJUDICE.

Dated:  July 31, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).