UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-4091 (DSD/DTS)

Ricky Donell Holifield,

      Petitioner,

v.                                      **ORDER**

Tom Roy, Commissoner,

      Respondent.

      Ricky Donell Holifield, OID 198306, MCF – Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se* Petitioner.

      J. Michael Richardson, Assistant County Attorney, Hennepin County Attorney's Office, 300 South 6th Street, Suite C-2000, Minneapolis, MN 55487, for Respondent.

This matter is before the court upon the pro se objection by petitioner Ricky Donell Holifield to the July 31, 2018, report and recommendation of Magistrate Judge David Schultz (R&R). Based on a de novo review of the file, record, and proceedings herein, and for the following reasons, the court adopts the R&R in its entirety.

The court reviews the R&R de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). After a thorough review of the file and record, the court finds that the R&R is well-reasoned and correct.

The background of this case is fully set forth in the R&R, and the court will not repeat it here. Holifield objects to the magistrate judge's recommendation that his application for a writ

of habeas corpus under 28 U.S.C. § 2254 be dismissed because he has not satisfied the ineffective assistance of counsel standard established in Strickland v. Washington, 446 U.S. 668, 688, 694 (1984), and its progeny. Specifically, Holifield argues the magistrate judge erred by not finding that his counsel's representation was constitutionally deficient because he failed to investigate a planted drugs and retaliation theory, and was burdened by an actual conflict of interest.

As to the failure to investigate, the magistrate judge correctly noted that counsel's decision not to pursue or present a particular trial strategy must be "assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgment." Wiggins v. Smith, 539 U.S. 510 521-22 (2003) (citing Strickland, 466 U.S. at 690-91). The magistrate judge's finding that Holifield's counsel acted reasonably under the circumstances in developing a trial strategy is well supported by the record. Moreover, although his counsel did not present evidence or direct testimony in support of a planted drugs and retaliation defense theory, counsel nevertheless challenged the custody chain of the seized drugs through cross examination. Strickland reserves to Holifield's counsel the reasonable determination on how to attack the state's case-in-chief. 466 U.S. at 689. Accordingly, Holifield has not "overcome the presumption that under the circumstances, the challenged action 'might be

2

considered sound trial strategy.'" Id. (quoting Michel v. La., 350 U.S. 91, 101 (1955)).

As to conflict of interest, Holifield argues that his counsel's failure to investigate the planted drugs theory created an actual conflict of interest when counsel advised him not to testify at trial, because counsel was protecting his professional reputation by concealing his failure to investigate. The magistrate judge correctly noted that under both United States Supreme Court and Minnesota Supreme Court precedent, trial counsel's concern for his professional reputation does not constitute an actual conflict of interest. Furthermore, the magistrate judge correctly concluded that there is no evidence Holifield's counsel was burdened by a conflict of interest that adversely affected his representation. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). As a result, the R&R must be adopted.[1]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Petitioner's objection [ECF No. 20] to the R&R is overruled;

2. The R&R [ECF No. 19] is adopted;

---

[1] The court also agrees with the magistrate judge that Holifield's petition is not challenging factual determinations under 28 U.S.C. § 2254(d)(2).

3

3.  Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied; and

4.  This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 25, 2018

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court